USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: APR 1 9 2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA                 :

                                         :     **SEALED**
          - v. -                         :     **INFORMATION**

WILLIAM PIETRUSZEWSKI,                    :     19 Cr.

          Defendant.                     19 CRIM 282

- - - - - - - - - - - - - - - - - x

## COUNT ONE
### (Narcotics Conspiracy)

The United States Attorney charges:

1. From at least in or about January 2012, up to and including in or about March 2017, in the Southern District of New York and elsewhere, WILLIAM PIETRUSZEWSKI, the defendant, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

2. It was a part and an object of the conspiracy that WILLIAM PIETRUSZEWSKI, the defendant, and others known and unknown, would and did distribute and possess with intent to distribute controlled substances, outside the scope of professional practice and not for a legitimate medical purpose, in violation of 21 U.S.C. § 841(a)(1).

3. The controlled substances that WILLIAM PIETRUSZEWSKI, the defendant, and others known and unknown, conspired to



distribute and possess with intent to distribute were (i) a quantity of mixtures and substances containing a detectable amount of oxycodone, in violation of 21 U.S.C. § 841(b)(1)(C), and (ii) 400 grams and more of mixtures and substances containing a detectable amount of fentanyl, in violation of 21 U.S.C. § 841(b)(1)(A).

(Title 21, United States Code, Section 846.)

## COUNT TWO
## (Conspiracy to Defraud the United States)

The United States Attorney further charges:

4. From at least in or about January 2012, up to and including in or about March 2017, in the Southern District of New York and elsewhere, WILLIAM PIETRUSZEWSKI, the defendant, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to defraud the United States and an agency thereof, to wit, the Drug Enforcement Administration ("DEA"), in violation of Title 18, United States Code, Section 371.

5. It was a part and an object of the conspiracy that WILLIAM PIETRUSZEWSKI, the defendant, and others known and unknown, willfully and knowingly, using deceit, craft, trickery, and dishonest means, would and did defraud the United States and an agency thereof, to wit, the DEA, by willfully failing to report suspicious orders of controlled substances to the DEA and failing

2

to advise the DEA of customers diverting controlled substances, thereby impeding, impairing, defeating and obstructing the lawful function of the agency, in violation of Title 18, United States Code, Section 371.

## Overt Acts

6. In furtherance of the conspiracy and to effect its illegal objects, WILLIAM PIETRUSZEWSKI, the defendant, and his co-conspirators, committed the following overt acts, among others, in the Southern District of New York and elsewhere:

a. During the relevant time period, Rochester Drug Cooperative, Inc. ("RDC"), acting through its agents and co-conspirators, including PIETRUSZEWSKI, received approximately 8,000 "orders of interest," including approximately 412 orders of fentanyl and approximately 2,530 orders of oxycodone that RDC had flagged as suspicious, from its pharmacy customers. During that time period, however, RDC, acting through its agents and co-conspirators, including PIETRUSZEWSKI, caused only four suspicious orders to be reported to the DEA.

b. During the relevant time period, RDC, acting through its agents and co-conspirators, including PIETRUSZEWSKI, opened new customer accounts for customers located in the Southern District of New York and elsewhere, and sold those customers controlled substances, without conducting due diligence on the

3

customers, as RDC, acting through its agents and co-conspirators, including PIETRUSZEWSKI, had represented to the DEA that the company had done.

     c. During the relevant time period, RDC, acting through its agents and co-conspirators, including PIETRUSZEWSKI, supplied customers located in the Southern District of New York and elsewhere with controlled substances, despite knowing that those controlled substances were being distributed outside the scope of professional practice and not for a legitimate medical purpose, and failed to report those customers to the DEA.

     (Title 18, United States Code, Section 371.)

## COUNT THREE
### (Failure to File Suspicious Order Reports)

The United States Attorney further charges:

7. From at least in or about January 2012, up to and including in or about March 2017, in the Southern District of New York and elsewhere, WILLIAM PIETRUSZEWSKI, the defendant, knowingly failed to make, keep, and furnish a record, report, notification, declaration, order and order form, statement, invoice, and information, required by the Controlled Substances Act and its implementing regulations, and aided and abetted the same, to wit, PIETRUSZEWSKI knowingly failed to disclose and aided and abetted the failure to disclose suspicious orders of controlled

4

substances to the DEA, in violation of Title 21, United States
Code, Sections 842(a)(5) and (c)(2)(A).

(Title 21, United States Code, Sections 842(a)(5) and (c)(2)(A);
Title 18, United States Code, Section 2.)

## FORFEITURE ALLEGATION

8.     As a result of committing the offense alleged in Count
One of this Information, WILLIAM PIETRUSZEWSKI, the defendant,
shall forfeit to the United States, pursuant to Title 21, United
States Code, Section 853, any and all property constituting, or
derived from, any proceeds obtained, directly or indirectly, as a
result of said offense and any and all property used, or intended
to be used, in any manner or part, to commit, or to facilitate the
commission of, said offense, including but not limited to a sum of
money in United States currency representing the amount of proceeds
traceable to the commission of said offense.

## Substitute Asset Provision

9.     If any of the above-described forfeitable property, as
a result of any act or omission of the defendant: (a) cannot be
located upon the exercise of due diligence; (b) has been
transferred or sold to, or deposited with, a third party; (c) has
been placed beyond the jurisdiction of the court; (d) has been
substantially diminished in value; or (e) has been commingled with
other property which cannot be divided without difficulty; it is
the intention of the United States, pursuant to Title 21, United

States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 21, United States Code, Section 853.)

Geoffrey S. Berman

GEOFFREY S. BERMAN
United States Attorney

6

Form No. USA-33s-274 (Ed. 9-25-58)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**UNITED STATES OF AMERICA**

**v.**

**WILLIAM PIETRUSZEWSKI,**

**Defendant.**

**SEALED**
**INFORMATION**

19 Cr. ____ (WHP)

(18 U.S.C. §§ 2 and 371;
21 U.S.C. §§ 842 and 846)

GEOFFREY S. BERMAN
United States Attorney